UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------

YASMIN W. SOTO, Individually & as Parent & Natural   )
Guardian of JLS, a Minor,   )
    )
                        Plaintiffs,   )   CIVIL ACTION
-vs-   )   JURY TRIAL
   )    DEMANDED
   )

STEVEN VINE,   )
Police Officer of the City of Geneva,   )
Individually and in his official capacity,  and   )
   )
MATTHEW R. COLTON,   )
Police Officer of the City of Geneva,   )
Individually and in his official capacity, and   )
   )
RANDALL J. GRENIER, JR.,   )
Police Officer of the City of Geneva,   )
Individually and in his official capacity, and   )
   )
RICHARD REGAN,   )
Police Officer of the City of Geneva,   )
Individually and in his official capacity, and   )
   )
FRANK T. PANE,   )
Chief of Police of the City of Geneva,   )
Individually and in his official capacity, and   )
   )
CITY OF GENEVA, and   )
   )
GENEVA POLICE DEPARTMENT, and   )
their agents and employees, both known and   )
unknown.   )

                        Defendants,

-------------------------------------------------------------------------

## INTRODUCTION

This is a civil action seeking compensatory and punitive damages against police officers of the City of Geneva Police Department, the police chief of the City of Geneva, and the City of Geneva, New York, for committing acts under the color of law amounting to extreme police misconduct which deprived the Plaintiffs of their rights under the United States Constitution and the laws of the United States, and the State of New York, and which were contrary to the provisions of Title 42 USC §1983.

The defendants engaged in an ongoing course of conduct in 2008 and 2009 that included discriminatory behavior, harassment, threats of violence, physical assaults, false arrest, unlawful searches and seizures, and deceit to avoid detection of their misconduct, all directed against the plaintiffs, and thereby causing injury and damages as a result thereof.

On or about August 21, 2008, Geneva Police Officer Matthew R. Colton forcibly and unlawfully entered the home of plaintiff Yasmin Soto and brutally beat plaintiff, Yasmin W. Soto, an innocent citizen, and unlawfully seized and arrested her, and charged and prosecuted crimes against her which she did not commit.  Police Officer Steven Vine and Police Officer Randall J. Grenier, Jr., intentionally assisted and acted in concert with the unlawful conduct.  On or about August 21, 2008, Defendant Steven Vine and Defendant Matthew R. Colton, or other Geneva PD officers, brutally beat 14-year-old

Plaintiff JLS, an innocent citizen in Geneva, NY, with a baton, and unlawfully seized and arrested him for crimes which he did not commit.

The City of Geneva and the Chief of Police Frank T. Pane are liable for the Plaintiffs' damages for failure to instruct, supervise, control and discipline the City's police officers, which failures were the result of an official policy and custom, and practice of the City; Chief Pane was deliberately indifferent and took no action to eliminate or prevent the constitutionally violative conduct within his department which amounted to policy, practice, and custom on the part of his department and officers, all of which caused the Plaintiffs' damages as specifically set forth below.

Defendant CITY OF GENEVA and Defendant Geneva Police Department were properly served with a Notice of Claim under New York State General Municipal Law, §50-e on October 13, 2008,  and each of the said defendants conducted a GML §50-h hearing pursuant thereto on August 26, 2009,  and despite due demand, have failed or refused to pay these claims for more than 30 days thereafter.

## PARTIES

1.      Plaintiff, Yasmin Soto, is an adult individual and a citizen of the United States and a resident of the State of New York, having at all times hereinafter stated an address at 20 Dorchester Avenue, Geneva NY  14456.

2.      Plaintiff JLS is a minor having been born on *** **, ****, and who at all times hereinafter stated resided with his mother Plaintiff Yasmin Soto.

3.      Defendant, Randall Joseph Grenier, Jr., (hereinafter "defendant Grenier") was, at all times relevant and material an adult individual and citizen of the State of New York, and a police officer of the City of Geneva Police Department, and was acting in

such capacity as an agent, servant, and employee of the City of Geneva and its police department, and was further acting under the direction, management, and control of the City of Geneva and the Geneva Police Department and its police chief and other supervisors, and was further acting pursuant to either official policy or the custom, practice or usage of the City of Geneva and its police department and its supervisors. Officer Grenier has a business address at the Geneva Police Department, 255 Exchange St., Geneva NY  14456.

4.      Defendant, Matthew R. Colton (hereinafter "defendant Colton") was at all times relevant and material hereto, an adult individual and citizen of the State of New York, and a police officer of the City of Geneva Police Department, and was acting in such capacity as an agent, servant, and employee of the City of Geneva and its police department, and was further acting under the direction, management, and control of the City of Geneva and the Geneva Police Department and its police chief and other supervisors, and was further acting pursuant to either official policy or the custom, practice or usage of the City of Geneva and its police department and its supervisors. Officer Colton has a business address at the Geneva Police Department, 255 Exchange St., Geneva NY  14456.

5.      Defendant, Steven Vine (hereinafter "defendant Vine") was at all times relevant and material hereto, an adult individual and citizen of the State of New York, and a police officer of the City of Geneva Police Department, and was acting in such capacity as an agent, servant, and employee of the City of Geneva and its police department, and was further acting under the direction, management, and control of the City of Geneva and the Geneva Police Department and its police chief and other

supervisors, and was further acting pursuant to either official policy or the custom,

practice or usage of the City of Geneva and its police department and its supervisors.

Officer Regan has a business address at the Geneva Police Department, 255 Exchange

St., Geneva NY  14456.

   6. Defendant, Richard Regan (hereinafter "defendant Regan") was at all

times relevant and material hereto, an adult individual and citizen of the State of New

York, and a police officer of the City of Geneva Police Department, and was acting in

such capacity as an agent, servant, and employee of the City of Geneva and its police

department, and was further acting under the direction, management, and control of the

City of Geneva and the Geneva Police Department and its police chief and other

supervisors, and was further acting pursuant to either official policy or the custom,

practice or usage of the City of Geneva and its police department and its supervisors.

Officer Regan has a business address at the Geneva Police Department, 255 Exchange

St., Geneva NY  14456.

   7. Defendant, Chief Frank T. Pane (hereinafter "defendant Pane") was at all

times and relevant and material hereto, the Chief of Police for the City of Geneva and as

such, the highest ranking police officer in the department and the commanding officer of

defendants Grenier, Colton and Regan, and was responsible for the training, supervision,

discipline and conduct of the defendants Grenier, Colton and Regan, as more fully set

forth herein.  Defendant Chief Pane is further responsible by law for setting, reviewing

and/or enforcing the regulations of the Geneva Police Department and for ensuring the

City of Geneva police officers obey the laws of the State of New York, and the United

States of America.  Chief Pane has a business address at the Geneva Police Department,

255 Exchange St., Geneva NY  14456.

8.      At all times relevant and material, defendant Pane was acting in such

capacity as an agent, servant and employee of the Geneva Police Department and was

acting under the management, direction and control of the City of Geneva, and was

further acting pursuant to either official policy or custom and practice of the Geneva

Police Department.   At all times relevant and material, defendant Pane was the

policymaker for the Geneva Police Department in all matters that are alleged herein.   In

the alternative, Chief Pane participated in the promulgation of policy for the Geneva

Police Department and was directly responsible for its implementation in whole or in

part.

9.      Defendant City of Geneva is a municipal corporation or other form of

municipal organization, organized and existing under the laws of the State of New York.

At all times relevant and material, the City of Geneva acted by and through its City

Council and its officers, agents, servants, and/or employees, who at all times relevant and

material acted within the scope of their authority as persons who set, reviewed and/or

enforced, as policymakers, certain policies regarding the conduct and actions of police

officers employed by the City of Geneva, including defendant police officers Grenier,

Colton, Regan and Chief Pane.   The City of Geneva has a business address at City Hall,

47 Castle St., Geneva NY 14456.

10.      Plaintiff Yasmin Soto sues defendant Vine, defendant Grenier, defendant

Colton, defendant Regan, and defendant Pane in both their individual and official

capacities.

11.     At all times relevant and material, defendants Vine, Grenier, Colton, Regan, and Pane acted under color of the laws, statutes, ordinances, regulations, policies, customs, and usages of the State of New York, the City of Geneva, and the Geneva Police Department, and pursuant to their authority as police officers, and Police Chief respectively of the Geneva Police Department.

## JURISDICTION AND VENUE

12.     This District Court has jurisdiction over the actions of the defendants pursuant to Title 42 U.S.C., §1983, 28 U.S.C., §1343, and 28 U.S.C. §1331, in that the cause of action arises under Title 42 U.S.C 1983, and 1988, and the 4th , 8th and 14th Amendments of the United States Constitution.   Plaintiffs further invoke the pendent and jurisdiction of this Court to adjudicate claims arising under the laws of the State of New York.

13.     Venue is proper in this judicial district pursuant to Title 28 U.S.C., 1391(e), in that all the defendants reside in this district, the events or omissions giving rise to the claim occurred in this district, and no real property is involved, and that plaintiffs reside in this district.

## FACTUAL BACKGROUND

14.     On or about June 15, 2008, defendant Regan, defendant Vine,  and other Geneva officers went to the home of Plaintiff Yasmin Soto and stated they were there to investigate a complaint relating to a stolen bike.  Defendant Regan entered the home without proper authority or consent and began to question the occupants, some of whom were minors, and required them to produce identification. Defendant Regan originally sought to question Plaintiff's 14 year old son,  JLS, who was not present.  Defendant

Regan threatened the occupants with arrest if they did not produce Plaintiff's son, JLS.

Defendant Regan then learned that Plaintiff's son, JLS, was only 14 years old by further

questioning family members.  Defendant Regan then, without proper legal basis, ordered

the 16 year old son of Plaintiff Yasmin Soto to exit the house for purposes of conducting

an identification procedure.

15.     During the course of Defendant Regan's activities at Plaintiff's home, he

and other defendants made verbal threats and used indignant language towards Plaintiff's

family members, and mocked her family members on their Puerto Rican heritage and

ethnicity.

16.     Plaintiff Soto filed a complaint with Defendant Police Chief Pane

regarding the improper and discriminatory conduct of Defendant Regan as set forth

above.

17.     Thereafter, and while the aforesaid complaint was pending, defendant

Vine and defendant Colton encountered Plaintiff's 17 year old son, JC, on the street on

August 21, 2008, whereupon he was arrested for crimes which he did not commit with

intent to harass and injure him and in retaliation for the complaint that Plaintiff had

lodged as herein set forth.

18.     Plaintiff's 14 year old son, JLS, came upon the scene of the arrest and

spoke briefly to his older brother, who at that time requested that the aforesaid 14 year

old JLS take his bag of groceries home.  Defendant Vine ordered the boys not to speak

Spanish and when Plaintiff JLS stated that he did not know much English, Defendant

Vine became angry and stated in sum and substance:  "Don't speak Spanish, speak

English.  This is America".  Defendant Vine grabbed JLS by the throat and pushed him

against the police car and began to strike him repeatedly with a police baton.

19.     Thereafter, Defendant Vine and another Geneva officer continued to beat

and then unlawfully arrested the 14 year old Plaintiff JLS and placed him in handcuffs in

the police car.  Plaintiff JLS was thereafter transported to the Geneva Police station

where he was detained until being released without charges later that night.

20.     Later on the evening of August 21, 2008, Plaintiff Yasmin Soto was at her

home at 20 Dorchester St., Geneva NY.

21.     The Geneva Police Department arrived at her home represented by

defendant Colton and kicked or knocked loudly on the door of Plaintiff Yasmin Soto.

22.     Plaintiff Yasmin Soto answered the door and defendant Colton stated to

her that he wanted to enter the house to look for someone.  Plaintiff Soto refused to allow

defendant Colton to enter her home at night without proper authority whereupon

defendant Colton pushed open her front door, striking her in the face, and pushed his way

into the home.

23.     Defendants Vine and Grenier arrived and assisted defendant Colton in

conducting a warrantless and unlawful search of Plaintiff, Yasmin Soto's, home and

during this search they approached the Plaintiff's 16 year old son, who was sitting on the

couch.  Defendants put a gun to the Plaintiff's son's head and threatened to kill him.

Plaintiff's 16 year old son was then manhandled and struck by the defendants, taken off

the couch and told at gunpoint that if he moved he was dead.

24.     Plaintiff, Yasmin Soto, seeing her 16 year old son being assaulted and

threatened with a gun tried to place herself between the defendant Grenier's drawn

handgun and her son, telling the Defendant Grenier that he would have to shoot her first. Defendants forcibly threw Plaintiff to the floor of her living room and twisted her arms behind her back applying pressure and the weight of both defendants on her back.

25.    Defendants repeatedly denied Plaintiff Yasmin Soto's request to use the bathroom and replied to her that if she needed to use the bathroom, she could go on the floor.   Plaintiff was forced to urinate on herself on her living room floor.  Defendant Grenier then slammed his knee into the back of the Plaintiff, and proceeded to beat her around the head and neck, torso, legs and face.  The Defendants yanked on the Plaintiff's handcuffed wrists and tried to violently pull her up and yelled:  "Stand up, you're resisting arrest."

26.    Due to the malicious treatment of Plaintiff Soto by Defendants Grenier and other offices present, Plaintiff Soto was caused physical injuries including back sprains, radiculopathy, hematoma, abrasions, and bruising to her face, head and torso, and suffered deep psychological emotional humiliation.

27.    Plaintiff's neighbor came to the scene and attempted to explain to Defendants Grenier and Colton that Plaintiff Soto did not understand much English.  To which they replied, "We don't care", while Officer Robert Peters pulled out his PR-24 expandable baton and told the neighbor to put her hands on her head and go back while he was flashing a bright light in her face.

28.    Defendant Grenier and other defendants then proceeded to drag Plaintiff Soto on the floor from her house to their vehicle, and when approached by the neighbor again asking "what are you doing?", they yelled at her to go back or that she would be arrested, too.

29.     The Defendants drove Plaintiff Soto to the police station, where she was treated by EMS who assessed her medical condition at the police station.  Thereafter, she was treated at Geneva General Hospital Emergency Room, upon her eventual release, for the injuries sustained from the beating by the Defendants.

30.     Plaintiff was held in custody 5 days, and when released, Plaintiff continued under the care of her treating physicians for her injuries and also came under the care of a psychologist and family counseling group for emotional and mental trauma and distress, and remains under physician's and counselor's care today.

**COUNT I**
**Plaintiff Yasmin Soto**
**Excessive Use of Force**
**Cognizable under Title 42 U.S.C. §1983**

31.     Plaintiff Yasmin Soto incorporates herein by reference Paragraphs 1 through 30, inclusive, as though the same were fully set forth herein.

32.     At all times relevant and material, Defendant Grenier and the other defendants present acted towards Plaintiff Yasmin Soto without cause, provocation, justification or excuse, or warning and Plaintiff was in fear of harm and danger to her person.

33.     At no time did Plaintiff resist arrest by Defendant Grenier, or offer violence or threaten either Defendant Grenier or any other police officer.

34.     Plaintiff Soto had committed no crime, but Defendant Grenier forcibly arrested Plaintiff without any basis in fact.

35.     As a direct and proximate result of the aforesaid unlawful and malicious physical abuse, by Defendant Grenier and other members of the Geneva police department, committed under color of law and their individual authority as police officers

of the City of Geneva, Plaintiff suffered grievous bodily harm and was deprived of her

right to be secure in her house and person, against unreasonable seizure of her person,

and the excessive use of force, in violation of the 4th and the 8th and 14th Amendments of

the United States Constitution and Title 42 U.S.C. §1983.

36.    As a direct and proximate result of the malicious and outrageous conduct

of the Defendant Grenier and other defendants, as described aforesaid, the Plaintiff

suffered severe, permanent and disabling injuries including to her neck, back and spine,

which required immediate emergency care and also included blunt trauma, blunt trauma

injuries, including severe bruises, contusions, and abrasions to her abdomen, face, head,

neck, back, and upper and lower extremities, severe shock to her nerves and nervous

system, including severe, permanent and disabling psychological injuries affecting her

mental and physical health.

37.    By reason of the above described occurrences, Plaintiff was rendered sick,

sore, lame, prostrate and disordered, and made to go undergo great mental and physical

anguish and physical pain, as a result of which she has suffered, yet suffers, and will

continue to suffer for an indefinite period of time in the future.

38.    Plaintiff has been compelled, in order to affect a cure for the aforesaid

injuries,to incur medical bills for medicine and medical attention and she will be required

to incur further medical special damages in the future.

39.    By reason of the occurrences described above, Plaintiff Soto was unable to

follow her usual occupation, and likely will be unable to follow her usual occupation in

the future, and she has thereby lost emolument which would have come to her through

her usual occupation and will continue to suffer a loss of emoluments in the future.

40.     As a result of the foregoing, Plaintiff has sustained such injuries as a result of which she has been required and will be obliged to receive medical and psychological attention and care and will incur various medical expenses.

41.     As a result of the malicious and outrageous conduct of Defendant Grenier, and other members of the Geneva Police Department, the incident and injuries sustained thereby, Plaintiff Soto has and will hereinafter incur future financial expenses and losses, which will exceed amounts she may be otherwise entitled to recover.

42.     The acts and conduct of Defendant Grenier were intentional, willful, wanton and malicious, entitling Plaintiff to an award of punitive damages against Defendant Grenier in his individual capacity.

43.     Plaintiff is entitled to an award of attorneys' fess and costs as the prevailing party on the claim, under Title 42 U.S.C. §1983.

WHEREFORE, Plaintiff, Yasmin Soto, demands judgment in her favor against defendant Grenier in his official capacity as a police officer of the City of Geneva, and in his individual capacity for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive damages, costs of this action, interest, attorneys' fees and such other relief as the Court deems just and proper.

### COUNT II
### Unlawful Seizure of Plaintiff JLS, a Minor
### Cognizable under Title 42 U.S.C. §1983.

44.     Plaintiff incorporates herein by reference Paragraphs 1 through 43, inclusive, as though the same were more fully set forth herein.

45.     No probable cause existed for the arrest or seizure or the use of force against Plaintiff JLS by Defendant Vine or the other defendants.

46.     In the alternative, probable cause for the arrest, if any existed, by any standard of reasonableness, was objectively insufficient and fell below that which is required under the 4th and 14th Amendments of the United States Constitution.

47.     The conduct of Defendants, Vine, and Colton and the other defendants was further violative of the constitutional rights of Plaintiff because their conduct was motivated, not by probable cause to arrest and detain, and prosecute, but by improper and retaliatory motives. Plaintiff JLS was arrested and detained and beaten with excessive force by Defendant Vine and the other defendants as a result of Plaintiff exercising his rights under the 1st Amendment of the United States Constitution to speak freely, and to associate with other persons, and due to the complaint filed by his mother against the Geneva officers earlier that summer.

48.     Defendants Vine, and Colton acting as aforesaid in their individual and official capacities, falsely, maliciously and unlawfully arrested and detained, and assaulted the minor Plaintiff, and he was thereby deprived of his right to be free from unreasonable and unlawful seizure of his person, to the equal protection of laws, and due process of law, in violation of the 4th and 14th Amendments of the Constitution of the United States, and Title 42 U.S.C. §1983.

49.     As a result of the foregoing, Plaintiff JLS suffered personal, physical and mental injuries and sustained damages including contusions, hematoma, abrasions, blunt force trauma to his back, spine and torso, and extremities resulting in conscious pain and suffering and lingering incapacity and pain in his back and spine, and necessitating medical treatment and resulting in special medical damages and other consequential losses.

50.    The acts and conduct of Defendants Vine and Colton were intentional, willful, wanton and malicious, entitled Plaintiff to an award of punitive damages against Defendants Vine and Colton in their  individual capacity.

WHEREFORE, Plaintiff Yasmin Soto demands judgment on behalf of her minor son, JLS,   in and against Defendants Vine and Colton, in their official capacity as police officers of the City of Geneva, and in their individual capacity, for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive dames, costs of this action, interest, attorneys' fees, and such other relief as the Court deems just.

### COUNT III
### False Arrest of Plaintiff JLS
### Cognizable under Title 42 U. S. C. §1983

51.    Plaintiff incorporates herein by reference Paragraphs 1 through 50, inclusive, as though the same were more fully set forth at length.

52.    Defendant Vine and the other defendants acted as aforesaid in their individual and official capacity, falsely, maliciously and unlawfully arrested and detained the Plaintiff JLS without probable cause thereby causing Plaintiff to be deprived of his rights under the 4th and 14th Amendments of the Constitution of the United States and Title 42 U.S.C. §1983.

53.    As a result of the foregoing, Plaintiff suffered personal, physical and mental injuries and sustained damages as more fully set forth above.

54.    The acts and conduct of Defendant Vine and the other defendants present were intentional, willful, wanton and malicious, entitling the Plaintiff JLS to an award of

punitive damages against Officer Vine and the other defendants in their individual

capacity.

WHEREFORE, Plaintiff, Yasmin Soto, demands judgment on behalf of her minor

son, JLS, in her favor against Defendant Vine and the other defendants in their official

capacity as a police officer of the City of Geneva and in his individual capacity, for

monetary and compensatory damages, incidental and consequential damages, exemplary

and/or punitive damages, costs of this action, interest, attorneys' fees as such other relief

as the Court deems just.

**COUNT IV**
**Plaintiff Yasmin Soto**
**Bystander liability of Defendant Vine**
**And Defendant Colton**
**Cognizable under Title 42 U.S.C. §1983**

55.     Plaintiff incorporates herein by reference Paragraphs 1 through 54,

inclusive, as though the same were more fully set forth at length.

56.     At all times relevant and material, Defendants Vine and Colton possessed

an affirmative duty to intervene to protect the Constitutional rights of citizens from

infringement by other law enforcement officers, including Defendant Grenier.

57.     At all times relevant and material, Defendants Vine and Colton knew and

personally observed that Defendant Grenier and the other defendants were was violating

the constitutional rights of the Plaintiff by physically abusing her in her home.

58.     Defendants Vine and  Colton had an opportunity to intercede on behalf of

Plaintiff Soto and prevent Defendant Grenier and others from subjecting Plaintiff Soto to

the excessive use of force and unlawful search and seizure of her person, home and

effects in violation of the United States Constitution and Title 42 U.S.C. §1983.

59.    Defendants Vine and Colton chose not to act or intercede on behalf of the Plaintiff Soto and instead assisted in violating her basic rights.

60.    As a direct and proximate result of Defendants Vine and Colton's deliberate and intentional failure to intervene on behalf of the Plaintiff and prevent the violation of Plaintiff's constitutional rights as aforesaid, committed under color of law, in their individual authority and as police officers of the City of Geneva, Plaintiff Soto suffered grievous bodily harm and was deprived of her right to be secure in her person and home, against unreasonable seizure of her person and the use of excessive force, in violation of the 4th and 14th Amendments of the United States Constitution and Title 42 U.S.C. §1983.

61.    As a result of the foregoing, Plaintiff Soto suffered personal, physical and mental injuries and sustained damages as more fully set forth above.

62.    The acts and conduct of Defendants Vine and  Colton were intentional, willful, wanton and malicious, and/or performed with a high degree of probability of knowing or having reason to know that certain consequences, harm and damage flowing from Defendant Grenier's conduct would be suffered by the Plaintiff, entitling the Plaintiff to an award of punitive damages against Defendants Vine and Colton.

WHEREFORE, Plaintiff, Yasmin Soto, demands judgment in her favor and against Defendants Vine and Colton, in their official capacity as  police officers of the City of Geneva, and in their individual capacity for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive damages, costs of this action, interest, attorneys' fees as such other relief as the Court deems just.

## COUNT V
### Plaintiffs Yasmin Soto and
### JLS, a Minor
### Liability against the City of Geneva
### Cognizable under Title 42 U.S.C. §1983

63.     Plaintiff incorporates herein by reference Paragraphs 1 through 62, inclusive, as though the same were more fully set forth at length.

64.     There exists within the Geneva Police Department policies or customs, practices and usages that are so pervasive that they constitute the policy of the Department, that caused the constitutional deprivations of the Plaintiffs Yasmin Soto and JLS as more fully set forth above.

65.     The policies, customs, practices and usages that exist are:

A.     To physically assault and strike citizens at will, without regard for the need of force, and without regard for the legality of its use.

B     To unlawfully strike citizens who have been subdued and handcuffed.

C.     To unlawfully engage in searches and seizures of persons and places while acting under color of law.

D.     To file and prosecute cover charges in encounters with citizens in which the officer or officers have improperly used force, or excessive force; such charges and prosecutions are used to justify the use of force and to protect police officers from liability for their improper conduct.

E.     To conspire with others in the prosecution of such cover charges.

F.      To act individually and to conspire with others to prevent the truth about the violence and transgressions of the other officer or officers from being known, by lying or by failing to report such transgressions.

G.      To use private cell phones to communicate with each other while on duty in order to avoid creating official recordings of their activities and communications where improper conduct occurs.

H.      To intentionally supervise, manage and review disciplinary complaints involving police misconduct in such a manner that legitimate citizen complaints almost never result in censure or discipline.

I.      To propogate such practices and customs with knowledge that citizens like Plaintiffs Soto and JLS, would suffer harm, as the police officers operated under the belief that they would never suffer reprisal for their misconduct.

66.      The City of Geneva is vested with the authority to train, supervise, discipline and control the officers of the Geneva Police Dept.

67.      The City of Geneva has effectively abrogated the power to so train, supervise, discipline and control the officers of the Geneva Police Dept. by failing to act in the face of transgressions and police misconduct, of which the City of Geneva knew or should have known.

68.      As the lawfully designated policy making body for the City of Geneva Police Dept., the City of Geneva has the power and responsibility to prevent the existence of the policies and practices as aforesaid described and has refused to so act.

69.     The failure of the City of Geneva to so act in the face of constitutionally violative conduct as described above, has caused the constitutional deprivation suffered by the Plaintiffs.

70.     The City of Geneva is the policy maker for the Geneva Police Dept., and the failure of the City of Geneva to affirmatively act in the face of transgressions about which it knew or should have known establishes the policy of the City of Geneva to condone, or acquiesce, constitutionally violative conduct, and that constitutionally violative conduct as set forth above.

71.     Had the City of Geneva affirmatively acted to properly train the officers of the Geneva Police Dept. or to properly supervise the officers, or to discipline the officers when the officers conducted themselves in constitutionally violative ways, the constitutional deprivation of the Plaintiffs would not have occurred.

72.     The Geneva Police Dept. and the City of Geneva, acting as aforesaid, are aware or should have been aware, of the foregoing policies, customs, practices and usages within the Geneva Police Dept., however, did nothing to prevent or stop the practices and activity.

73.     In its failures, the City of Geneva intentionally disregarded known facts, or alternatively, were deliberately indifferent to a risk of the constitutional violation which they knew or should have known, and its culpability caused the constitutional violations of the Plaintiffs.

74.     As a result of the foregoing, the Plaintiffs suffered personally, physical and mental injuries and sustained damages as more fully set forth above.

WHEREFORE, Plaintiffs Soto and JLS demand judgment in their favor against Defendant City of Geneva for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive damages, costs of this action, interest, attorneys' fees as such other relief as the Court deems just.

**COUNT VI**
**Plaintiffs Yasmin Soto and**
**JLS, a Minor**
**Supervisory liability against Geneva**
**Police Chief Defendant Pane under Title 42 U.S.C. §1983**

75.      Plaintiff incorporates herein by reference Paragraphs 1 through 74, inclusive, as though the same were more fully set forth at length.

76.      Chief of Police Frank T. Pane, is delegated by the City of Geneva, with the power and authority to discipline, supervise, manage and control the actions and conduct of the officers of the Geneva Police Dept.

77.      Defendant Pane has failed and refused to properly train, discipline, supervise and control the actions and conduct of the officers of the Geneva Police Dept.

78.      Defendant Pane is the policy maker for the Geneva Police Dept., and the failure of Defendant Pane to affirmatively or effectively act in the face of transgressions about which he knew, or should have known, establishes the policy of Defendant Pane to condone and tolerate constitutionally violative conduct, and more specifically, that constitutionally violated the conduct as set forth above.

79.      Had Defendant Pane affirmatively acted to properly train the officers of the Geneva Police Dept., or to properly supervise the officers or to discipline the officers when the officers conducted themselves in constitutionally violative ways, the constitutional deprivation of the Plaintiffs would not have occurred.

80.     The Geneva Police Dept., and Defendant Pane acting as aforesaid, are aware, or should have been aware, of the foregoing policies, customs, practices and usages within the Geneva Police Dept., however, did nothing to prevent or stop the practices and activity.

81.     In his failures, Chief Pane intentionally disregarded known facts or alternatively was deliberately indifferent to a risk of the constitutional violations, of which he knew or should have know, and his culpability caused the constitutionals violations of the Plaintiffs.

82.     As a result of the foregoing, Plaintiffs suffered personal, physical and mental injuries, and sustained damages as more fully set forth above.

83.     The acts and conduct of Defendant Pane were intentional, willful, wanton and malicious, and were performed with a high degree of probability of knowing or having reason to know that certain consequences, harm and damages flowed from defendants conduct would be suffered by the Plaintiffs, entitling the Plaintiffs to an award of punitive damages against Defendant Pane in his individual capacity.

WHEREFORE, Plaintiffs Soto and JLS demand judgment in their favor against Defendant Pane, Police Chief for the City of Geneva, for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive damages, costs of this action, interest, attorneys' fees as such other relief as the Court deems just.

### COUNT VII
### Plaintiffs Yasmin Soto and JLS
### Malicious Assault and Battery

84.     Plaintiff incorporates herein by reference Paragraphs 1 through 83, inclusive, as though the same were more fully set forth at length.

85.     Defendant Grenier and other defendants, willfully inflicted physical harm and injury upon Plaintiff Yasmin Soto.

86.     By the Defendant Grenier's actions, and those of other defendants, Plaintiff was in fear and expected to suffer immediate physical and bodily harm and injury.

87.     Defendant Grenier aided by other defendants, unlawfully beat and struck Plaintiff Soto and inflicted harm and injury upon Plaintiff without lawful justification.

88.     The acts and conduct of Defendant Grenier and other defendants present were intentional, willful, wanton and malicious, entitling Plaintiff Soto to an award of punitive damages against Defendant Grenier.

89.     City of Geneva and Defendant Pane are liable for the harm, consequences and damages suffered by Plaintiff at the hands of Defendant Grenier, under the theory of respondeate superior and vicarious liability, jointly and severally, with defendant Grenier.

90.      The acts and conduct of Defendant Pane, were intentional, willful, wanton and malicious, and/or performed with a high degree of probability of knowing or having reason to know that certain consequences, harm and damage flowing from defendants' conduct would be suffered by the Plaintiffs, entitling the Plaintiffs to an award of punitive damages against Defendant Pane.

91.     Defendants Vine and Colton aided by other defendants, willfully inflicted physical harm and injury upon Plaintiff JLS.

92.     By Defendant Vine and Colton's actions, aided by other defendants, Plaintiff JLS was in fear and expected to suffer immediately physical bodily harm and injury.

93.     Defendant Vine aided by the other defendants herein, unlawfully choked, beat and struck Plaintiff JLS and inflicted harm and injury upon the 14 year old Plaintiff.

94.     The acts and conduct of Defendant Vine and the other defendants present were intentional, willful, wanton and malicious, entitling Plaintiff JLS to an award of punitive damages against Defendant Vine and Colton, and others who aided them.

95.     City of Geneva and Defendant Pane are liable for the harm, consequences and damages suffered by Plaintiff JLS at the hands of Defendants Vine and Colton, and others who aided them, under the theory of respondeate superior and vicarious liability, jointly and severally, with such defendants.

96.      The acts and conduct of Defendant Pane, were intentional, willful, wanton and malicious, and/or performed with a high degree of probability of knowing or having reason to know that certain consequences, harm and damage flowing from defendants' conduct would be suffered by the Plaintiffs, entitling the Plaintiffs to an award of punitive damages against Defendant Pane.

97.     Defendants Vine and Colton and others present willfully attempted to inflict physical harm and injury upon Plaintiff JLS without justification, and caused physical and mental injury as herein set forth..

WHEREFORE, Plaintiffs Yasmin Soto and JLS  demand judgment in their favor and against Defendants Vine, Colton, Grenier, Pane, and the City of Geneva, jointly and severally for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive damages against all defendants and costs of this action, attorney fees and interest and such other and further relief as the Court deems just and proper.

**COUNT VIII**
**Plaintiffs Soto and JLS, a Minor**
**Unlawful Search and Seizure under**
**the Constitution of the State of New York**

98.    Plaintiff incorporates herein by reference Paragraphs 1 through 97, inclusive, as though the same were more fully set forth at length.

99.    The United States Constitution and the Constitution of the State of New York provides the People shall be secure in their persons, houses, papers and possessions from unreasonable search and seizure.

100.    All defendants, acting as aforesaid, violated Plaintiffs' rights and privileges under the United States and New York State Constitutions.

101.    As a direct and proximate result of the foregoing, Plaintiffs suffered the personal, physical and mental injuries and sustained damages as more fully set forth above.

102.    The acts and conduct of Defendants Grenier, Regan, Colton and Vine were intentional, willful, wanton and malicious, entitling the Plaintiffs to an award of punitive damages against Defendants Grenier, Regan, Colton and Vine.

103.    The acts and conduct of Defendant Pane in his supervisory capacity were intentional, willful, wanton and malicious, and were performed with a high degree of probability of knowing or having reason to know that certain consequences, harm and damage flowing from defendants' conduct would be suffered by Plaintiffs, entitling Plaintiffs to an award of punitive damages against Defendant Pane.

104.    The Defendant City of Geneva and Defendant Pane are liable for the harm, consequences and damages suffered by Plaintiffs at the hands of these officers,

under the theory of respondeat superior and/or vicarious liability, jointly and severally with the other defendants.

105.    Defendant officers who were physically present, are liable for the harm, consequences and damages suffered by Plaintiff Yasmin Soto and Plaintiff JLS Soto, some of whom are not yet known, under the theory of bystander liability, as followed under New York law, jointly and severally with the other defendants.

WHEREFORE, Plaintiffs Yasmin Soto and JLS demand judgment in their favor against Defendants Pane, Grenier, Colton and Vine, Regan, and the City of Geneva, jointly and/or severally for monetary and compensatory damages, incidental and consequential damages, exemplary and/or punitive damages against Defendants Pane, Grenier, Colton, Vine and Regan, together with the costs of this action, interest, attorney fees, and such other relief as the Court deems just and proper.

NELSON S. TORRE, ESQ.
Attorney for Plaintiffs
Yasmin Soto and JLS Soto
910 Main Court Building
438 Main Street
Buffalo NY  14202
(716) 854-2808

Dated:   October 12, 2009
         Buffalo, New York

## JURY DEMAND

Plaintiffs demand a Trial by Jury on all issues so triable.

NELSON S. TORRE, ESQ.
Attorney for Plaintiffs
Yasmin Soto and JLS
910 Main Court Building
438 Main Street
Buffalo New York 14202
(716) 854-2808

Dated:   October 12, 2009
         Buffalo, New York